D. V. WALKER, A.K.A. THEONALETH, Petitioner v. COMMISSIONER OF INTERNAL REVENUE, Respondent
Walker v. Commissioner
Docket Nos. 24424-91, 1102-92
United States Tax Court
T.C. Memo 1993-138; 1993 Tax Ct. Memo LEXIS 140; 65 T.C.M. (CCH) 2282; April 5, 1993, Filed *140 Decision will be entered for respondent. D. V. Walker, a.k.a. Theonaleth, pro se. For respondent: Patricia Riegger. PAJAK
PAJAK
MEMORANDUM OPINION PAJAK, Special Trial Judge: This case was heard pursuant to the provisions of section 7443A(b)(3) and Rules 180, 181, and 182. All section numbers refer to the Internal Revenue Code for the taxable years in issue. All Rule numbers refer to the Tax Court Rules of Practice and Procedure. Respondent determined deficiencies in and additions to petitioner's Federal income tax as follows: Year
1985
1986
Deficiency
$ 2,282
$ 2,571
Additions to Tax:
Sec. 6651(a)(1)
571
643
Sec. 6653(a)(1)
114
--
Sec. 6653(a)(2)
[1] Sec. 6653(a)(1)(A)
129
Sec. 6653(a)(1)(B)
[2] Sec. 6654
130
124
The issues the Court must decide are: (1) Whether petitioner had taxable income in 1985 and 1986; (2) whether *141 petitioner is liable for additions to tax under section 6651(a)(1) for failure to file a tax return for each of the years in issue; (3) whether petitioner is liable for additions to tax for negligence under section 6653(a) for 1985 and 1986; and (4) whether petitioner is liable for additions to tax for failure to pay estimated taxes pursuant to section 6654 for those same years. For clarity and simplicity, we have combined the findings of fact and conclusions of law. Some of the facts have been stipulated and are so found. Petitioner resided in Brooklyn, New York, when he filed his petitions in this consolidated case. Petitioner was employed by Riverbend c/o Darwood Management (Riverbend) in 1985 and 1986. Riverbend paid petitioner wages of $ 17,514 and $ 19,041 during 1985 and 1986, respectively. For both years at issue, petitioner instructed Riverbend not to withhold Federal income taxes from his wages. Petitioner admitted that he did not file Federal income tax returns for 1985 or 1986. Respondent determined that petitioner failed to report the amounts received by petitioner from Riverbend for the taxable years in issue. In addition, respondent determined the additions *142 to tax set forth above. Respondent's determinations in the statutory notices of deficiency are presumed correct, and petitioner bears the burden to disprove the determinations. Rule 142(a); . Petitioner argued that: "I find that I cannot serve GOD and this government too." He also asserted that: "That is the year [1984] that I went into the office [of his employer] and stated that I no longer wanted to be part of this government and that they were not supposed to take anything out of my money." To justify his position, petitioner testified that: "This government has not helped me in any kind of way. It has done nothing for me. They don't deserve the money and that's the reason why they don't receive the money." We reject these arguments. The imposition of an income tax and the requirements to file a tax return and pay tax do not restrict an individual's free exercise of his religion. . Further, as stated by the Court of Appeals for the Second Circuit: "A taxpayer has no constitutional right to bring frivolous lawsuits." *143 affg. per curiam an unreported Order of this Court. The Second Circuit is the court to which an appeal of this case may be taken. Petitioner also claimed that: "My case, if there is a case is in the wronge [sic] court." This Court and others have repeatedly rejected arguments that this Court lacks jurisdiction to resolve income tax disputes once a taxpayer filed a timely petition. See, e.g., We see no need to repeat these discussions here. Finally, petitioner made additional arguments which we reject. Suffice it to say that petitioner is not exempt from Federal income tax. . Payments of compensation for services performed are income. Sec. 61(a)(1). Respondent's determinations on this issue are upheld. We next consider whether petitioner is liable for the additions to tax. Respondent's determination that petitioner is liable for the additions to tax under section 6651(a)(1) must be sustained unless petitioner's failure to file timely tax returns for 1985 and 1986 was due to reasonable cause and not due to willful neglect. Petitioner *144 admitted that he deliberately refused to file returns for the years at issue. Accordingly, we must find that no reasonable cause existed for petitioner's failure to timely file the returns for the years in issue. Therefore, we hold that petitioner is liable for the additions to tax under section 6651(a)(1) for the years under consideration. For the respective years in issue, section 6653(a)(1) and section 6653(a)(1)(A) provide for an addition to tax if any part of the underpayments is due to negligence or intentional disregard of rules or regulations. For the respective years in issue, section 6653(a)(2) and section 6653(a)(1)(B) provide for a further addition to tax in the amount equal to 50 percent of the interest payable on the portion of the underpayments attributable to negligence or intentional disregard of rules or regulations. Petitioner has the burden of proof to show that any underpayment of tax was not due to negligence. Rule 142(a); ; . When an income tax return is untimely filed, or not filed at all, and the taxpayer *145 fails to prove a reasonable justification for the failure to file, the section 6653(a) additions will apply to the full amount of the underpayments. , affd. . We hold that petitioner is liable for these additions to tax. We next consider whether petitioner is liable for the additions to tax under section 6654(a) for underpayments of estimated taxes for 1985 and 1986. Petitioner has the burden of proof. Rule 142(a); . Section 6654(c) imposes a requirement that estimated taxes be paid in installments. If a taxpayer fails to pay a sufficient amount of estimated taxes, section 6654(a) provides for a mandatory addition to tax in the absence of exceptions not applicable here. . Petitioner failed to pay estimated taxes for the years in issue. Respondent's determinations on this issue are sustained. Decisions will be entered for respondent. Footnotes
1. 50% of the interest due on the underpayment due to negligence of $ 2,282.↩
2. 50% of the interest due on the underpayment due to negligence of $ 2,571.↩